UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALISON SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-953-G |
| | ) |
| THE STANDARD INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Plaintiff initiated this action to obtain judicial review of Defendant's decision terminating her long-term disability ("LTD") benefits under its employee-benefit plan. *See* Compl. (Doc. No. 1). The Court affirmed Defendant's decision on November 16, 2018, finding no abuse of discretion. *See* Order of November 16, 2018 (Doc. No. 31) at 10. Plaintiff now moves the Court to reconsider its ruling. For the reasons set forth below, Plaintiff's Motion to Reconsider (Doc. No. 33) is denied.

STANDARD OF REVIEW

Motions to reconsider, though "not formally recognized by the Federal Rules of Civil Procedure . . . are routinely entertained, in one form or another, by federal courts."[1]

---

[1] Courts may construe a motion to reconsider either as a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure or as a motion for relief from the judgment under Rule 60(b). *See Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1200 (10th Cir. 2011). Where, as here, a motion to reconsider is timely under both rules, the Court looks to the "reasons expressed by the movant" to determine how to construe the motion. *Id.* (citation omitted). Because Plaintiff's motion claims that the Court made an error of law, and the grounds for relief do

*Christ Ctr. of Divine Philosophy, Inc. v. Elam*, No. CIV-16-65-D, 2018 WL 1770491, at *1 (W.D. Okla. Apr. 12, 2018), *appeal docketed*, No. 18-6089 (10th Cir. May 15, 2018). Reconsideration may be predicated on one or more of three grounds: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [and/or] (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Thus, a motion to reconsider "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*

DISCUSSION

Plaintiff grounds her Motion to Reconsider on a recent decision from this Court, *Clark v. Lincoln Nat'l Life Ins. Co.*, No. CIV-15-15-D, 2018 WL 4502334 (W.D. Okla. Sept. 20, 2018) (DeGiusti, J.), wherein the Court reversed a decision terminating the plaintiff's LTD benefits, finding that the defendant had failed to adequately explain the grounds for its decision. *See id.* at *4. Plaintiff points out that the court in that case criticized the defendant for failing to adequately consider the plaintiff's award of disability benefits by the Social Security Administration ("SSA") and flagged that failure as a "'factor counseling reversal.'" *Id.* (quoting *Krum v. Hartford Life & Accident Ins. Co.*, 942 F. Supp. 2d 1171, 1181 (D. Utah 2013)).

---

not otherwise reflect those applicable to a Rule 60(b) motion, the Court construes Plaintiff's motion as a Rule 59(e) motion to alter the judgment. *See id.*

As an initial matter, *Clark* does not represent an "intervening change in controlling law" insofar as it is not precedential authority. *See Ferrell v. BGF Glob., LLC*, No. CIV-15-404-D, 2017 WL 4898843, at *2 (W.D. Okla. Oct. 30, 2017). Nor has Plaintiff submitted any new evidence for the Court's consideration. Therefore, reconsideration should be granted only if it is necessary "to correct clear error or prevent manifest injustice." *Servants of Paraclete*, 204 F.3d at 1012.

In *Clark*, unlike the present case, the district court was called upon to determine, de novo, "whether the plaintiff's claim [was] supported by a preponderance of the evidence." *Clark*, 2018 WL 4502334 at *3. In ordering reversal, the court necessarily determined that the defendant's decision was not so supported. That the defendant "fail[ed] to consider a disability finding from the SSA" was cited as an additional "factor supporting reversal." *Id.* But in the present case, the parties agreed—and the Court found—that because Defendant's ERISA-governed plan gave its administrator discretionary authority to determine eligibility for benefits, the decision denying Plaintiff benefits may not be disturbed unless it is found to be "arbitrary and capricious." *See* Order of November 16, 2018, at 3-4. That standard was not met in this case, where Defendant provided a detailed explanation of its decision, cited evidence supporting Defendant's determination that Plaintiff could perform sedentary work, and discussed some countervailing evidence. *See id.* at 4-10; R. (Doc. No. 18) at 205-17, 234-44; R. at 210-211 (describing findings of consulting neurologist and consulting internist).

The present case is also distinct from *Krum*, the decision relied on in *Clark*. In *Krum*, the district court held that an SSA decision to award disability benefits constituted

"persuasive evidence" that the plaintiff was "in fact, unable to work" and that the defendant's failure to address such evidence was "a factor counseling reversal." *Krum*, 942 F. Supp. 2d at 1180-81. The court went on to hold that, in light of "the paucity of evidence supporting the argument that [the plaintiff] could work," the defendant's failure to consider the SSA award was an abuse of discretion. *Id.* at 1180. In the present case, Defendant's decision denying benefits cites supporting evidence, including materials that would not have been presented to the SSA. *See* Order of November 16, 2018, at 4-10; R. at 205-17, 234-44. Thus, while a substantive discussion of Plaintiff's SSA award might have been preferred, its absence from Defendant's decision does not render that decision arbitrary and capricious.

## CONCLUSION

For the above-stated reasons, the Court is not persuaded that reconsideration is necessary to correct clear error or to prevent injustice. Plaintiff's Motion to Reconsider (Doc. No. 33) is therefore DENIED.

IT IS SO ORDERED this 8th day of February 2019.

_____
CHARLES B. GOODWIN
United States District Judge